NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| | : Civil Action No. 08-3293 (FSH) |
| v. | : |
| | : **ORDER** |
| ONE 2002 BLACK BMW Z3 CONVERTIBLE VIN: 4USCN33492LK52677, and | : Date: February 19, 2009 |
| $37,800, MORE OR LESS, IN UNITED STATES CURRENCY, and | : |
| $337,740, MORE OR LESS, IN UNITED STATES CURRENCY, | : |
| Defendants *in rem.* | : |

**HOCHBERG, District Judge**

This matter comes before the Court upon Plaintiff's Motion for Entry of Partial Default Judgment as to One 2002 Black BMW Z3 Convertible VIN: 4USCN33492LK52677 (the "Black BMW") and $37,800 in U.S. currency (the "$37,800"); and the Court having fully and thoroughly considered the parties' written submissions pursuant to Federal Rule of Civil Procedure 78; and

it appearing that on July 2, 2008, Plaintiff filed with this Court a Complaint for Forfeiture *In Rem* against the Black BMW, the $37,800, and $337,740 in U.S. currency (collectively, the "Defendant properties"); and

it appearing that pursuant to the Warrant for Arrest *In Rem* issued by the Clerk of the

1

Court on July 9, 2008, the U.S. Marshals Service seized the Defendant properties; and

it appearing that on July 10, 2008, Plaintiff sent copies of the Complaint, Warrant for Arrest *In Rem*, and Notice of Forfeiture to Brian King, Esq., counsel for potential claimants Marie Cuneta and Marie Bernabe, and that these documents were received by Mr. King on July 14, 2008; and

it appearing that, in accordance with Supplemental Rule G(4)(b)(ii)(B), the Notice of Forfeiture properly provided an August 14, 2008 deadline for filing a claim to the Defendant properties;[1] and

it appearing that Marie Bernabe's Verified Forfeiture Claim to the Black BMW was not filed until August 28, 2008, and was thus untimely; and

it appearing that Marie Cuneta's Verified Forfeiture Claim to the $37,800 was not filed until August 29, 2008, and was thus untimely; and

it appearing that Bernabe and Cuneta's respective failures to comply with the procedural requirements set forth in Supplemental Rule G deprive them of standing to contest the forfeiture, *see United States v. $487,825.00 in U.S. Currency*, 484 F.3d 662, 664-65 (3d Cir. 2007) (emphasizing that claimants must "strictly adhere" to filing requirements to perfect standing);[2] and

---

[1] Supplemental Rule G(4)(b)(ii)(B) provides that a Notice of Forfeiture, sent to known potential claimants, must state "a deadline for filing a claim, at least 35 days after the notice is sent."

[2] In addition, Cuneta subsequently pled guilty in New Jersey Superior Court to certain criminal charges, and, as part of that plea, executed on January 8, 2009 a Consent Judgment of Forfeiture as to all the Defendant Properties, thereby waiving any interest she may have had to the $37,800, and further depriving herself of standing to contest the forfeiture.

it appearing that this Court may strike a claim or answer that is untimely, or where the claimant lacks standing, *see* Supplemental Rule G(8)(c)(i)(A)-(B);  and

it appearing that the entry of default judgment is appropriate where potential claimants have failed to file procedurally proper claims, *see $487,825.00 in U.S. Currency*, 484 F.3d at 664-65;

**IT IS** on this 19th day of February 2009,

**ORDERED** that Marie Bernabe's Answer and Verified Forfeiture Claim to the Black BMW [Docket Nos. 9 and 11] are **STRUCK**; and it is further

**ORDERED** that Marie Cuneta's Answer and Verified Forfeiture Claim to the $37,800 [Docket Nos. 10 and 12] are **STRUCK**; and, there being no remaining claims to these properties, it is further

**ORDERED** that the Clerk of Court is directed to enter default judgment against the Black BMW and the $37,800.

/s/ **Faith S. Hochberg**
Hon. Faith S. Hochberg, U.S.D.J.